IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION | * | |
| Plaintiff | * | Case No. JFM 03 CV 400 |
| v. | * | |
| STEVEN TIMCHULA, CHARLES THOMAS AND THE ESTATE OF JAMES BLAKE | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Steven Timchula and Charles Thomas, Defendants, by Stephen J. Kleeman, their undersigned attorney, in answer to the Complaint, state as follows:

### COUNT I

1. Defendants admit the allegations of paragraphs 1 through 6 of the Complaint

2. [No response is required to the allegations of paragraph 7 of the Complaint]

3. Defendants admit the allegations of paragraphs 8 through 12 of the Complaint

4. Defendants deny the allegations of paragraph 13 as the inability of Environmental Recycling & Waste Reduction Services (hereinafter "ERWR") to make all required payments was the result of financial problems of ERWR.

5. Defendants deny the allegations of paragraphs 14 and 15 of the Complaint.

### *Defenses*

6. Defendants are not liable as alleged.

7. Defendants did not promise as alleged.

8. Defendants are not indebted as alleged.

### *Affirmative Defenses*

9. Plaintiff's claim is barred by waiver.

10. Plaintiff's claim is barred by estoppel.

11. Plaintiff's claim is barred as Plaintiff has failed to conduct a commercially reasonable sale of the collateral.

12. Plaintiff's claim is barred as Plaintiff has failed to timely dispose of the collateral.

13. Plaintiff's claim is barred as Plaintiff has failed to mitigate its losses and damages.

14. Plaintiff's claim is barred by laches.

15. Defendants reserve the right to assert such other and further defenses as may become apparent during the course of this litigation.

### COUNT II

16. [No response is required to paragraph 16 of the Complaint.]

17. Defendants admit the allegations of paragraphs 17 through 20 of the Complaint

18. Defendants deny the allegations of paragraph 21 of the Complaint as the inability of ERWR to make all required payments was the result of financial problems of ERWR.

19. Defendants deny the allegations of paragraphs 22 through 24 of the Complaint

### *Defenses*

20. Defendants are not liable as alleged.

21. Defendants did not promise as alleged.

22. Defendants are not indebted as alleged.

### *Affirmative Defenses*

22. Plaintiff's claim is barred by waiver.

23. Plaintiff's claim is barred by estoppel.

24. Plaintiff's claim is barred as Plaintiff has fialed to conduct a commercially reasonable sale of the collateral.

25. Plaintiff's claim is barred as Plaintiff has failed to timely dispose of the collateral.

26. Plaintiff's claim is barred as Plaintiff has failed to mitigate its losses and changes.

27. Plaintiff's claim is barred by laches.

28. Defendants reserve the right to assert such other and further defenses as may become apparent during the course of this litigation.

## COUNT III

29. [No response is required to paragraph 25 of the Complaint.]

30. Defendants admit the allegations of paragraphs 26 through 30 of the Complaint

31. Defendants deny the allegations of paragraph 31 as the inability of Environmental Recycling & Waste Reduction Services (hereinafter "ERWR") to make all required payments was the result of financial problems of ERWR.

32. Defendants deny the allegations of paragraphs 32 and 33 of the Complaint as the inability of Environmental Recycling & Waste Reduction Services (hereinafter "ERWR") to make all required payments was the result of financial problems of ERWR.

### *Defenses*

33. Defendants are not liable as alleged.

34. Defendants did not promise as alleged.

35. Defendants are not indebted as alleged.

### *Affirmative Defenses*

36. Plaintiff's claim is barred by waiver.

37. Plaintiff's claim is barred by estoppel.

38. Plaintiff's claim is barred as Plaintiff has failed to conduct a commercially reasonable sale of the collateral.

39. Plaintiff's claim is barred as Plaintiff has failed to timely dispose of the collateral.

40. Plaintiff's claim is barred as Plaintiff has failed to mitigate its losses and changes.

41. Plaintiff's claim is barred by laches.

42. Defendants reserve the right to assert such other and further defenses as may become apparent during the course of this litigation.

### COUNT IV

43. [No response is required to paragraph 34 of the Complaint.]

44. Defendants admit the allegations of paragraphs 35 through 38 of the Complaint.

45. Defendants deny the allegations of paragraph 39 as the inability of Environmental Recycling & Waste Reduction Services (hereinafter "ERWR") to make all required payments was the result of financial problems of ERWR.

46. Defendants deny the allegations of paragraphs 40 and 41 of the Complaint.

### *Defenses*

47. Defendants are not liable as alleged.

48. Defendants did not promise as alleged.

49.	Defendants are not indebted as alleged.

### *Affirmative Defenses*

50.	Plaintiff's claim is barred by waiver.

51.	Plaintiff's claim is barred by estoppel.

52.	Plaintiff's claim is barred as Plaintiff has failed to conduct a commercially reasonable sale of the collateral.

53.	Plaintiff's claim is barred as Plaintiff has failed to timely dispose of the collateral.

54.	Plaintiff's claim is barred as Plaintiff has failed to mitigate its losses and changes.

55.	Plaintiff's claim is barred by laches.

56.	 Defendants reserve the right to assert such other and further defenses as may become apparent during the course of this litigation.


WHEREFORE, having fully answered the Complaint Defendants request it be dismissed.


_____
STEPHEN J. KLEEMAN, ESQUIRE
Federal Bar # 01040
2 North Charles Street, Suite 320
Baltimore, Maryland  21201
(410) 752-1220

Attorney for Defendants
Steven Timchula and Charles Thomas

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2003, a copy of the Answer to Complaint was mailed first-class postage prepaid to J. Preston Turner, 29 West Susquehanna Avenue, Suite 110, Towson, MD 21204.

_____
STEPHEN J. KLEEMAN, ESQUIRE

IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION | * | |
| Plaintiff | * | Case No. JFM 03 CV 400 |
| v. | * | |
| STEVEN TIMCHULA, CHARLES THOMAS AND THE ESTATE OF JAMES BLAKE | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REQUEST FOR JURY TRIAL**

Mr. Clerk:

Defendants Steven Timchula and Charles Thomas request that the above captioned matter be tried by a jury.

_____
STEPHEN J. KLEEMAN, ESQUIRE
Federal Bar # 01040
2 North Charles Street, Suite 320
Baltimore, Maryland  21201
(410) 752-1220

Attorney for Defendants
Steven Timchula and Charles Thomas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March, 2003, a copy of Request for Jury Trial was mailed first-class postage prepaid to J. Preston Turner, 29 West Susquehanna Avenue, Suite 110, Towson, MD 21204.

_____
STEPHEN J. KLEEMAN, ESQUIRE