UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CENTER CAPITAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: JFM-03-400 |
| ) | |
| STEVEN TIMCHULA, CHARLES ) | |
| THOMAS, and the ESTATE OF ) | |
| JAMES BLAKE, ) | |
| ) | |
| Defendants. ) | |

## CENTER CAPITAL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT

NOW COMES plaintiff Center Capital Corporation ("CENTER CAPITAL"), by and through its attorneys, Pope & Hughes, and for CENTER CAPITAL'S Memorandum of Law in Support of Its Motion for Summary Judgment against Defendants Steven Timchula and Charles Thomas states as follows:

### INTRODUCTION

This case arises out of the breach by Steven Timchula and Charles Thomas of Personal Guaranties. Specifically, Steven Timchula and Charles Thomas guaranteed obligations of Environmental Recycling and Waste Reduction, L.L.C. to CENTER CAPITAL.

### STANDARD OF REVIEW

The standard of review of a Motion for Summary Judgment is well known. Summary judgment is appropriate if the pleadings and admissions on file, together with the affidavits on

file, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 47 U.S. 242, 248 (1986). A factual issue is genuine only if the evidence shows that a reasonable fact finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 47 U.S. 317, 322-23 (1986). To survive summary judgment, the non-movant must demonstrate that the record, as a whole, permits a rational finder of fact to rule in its favor. Johnson v. City of Ft. Wayne, 91 F.3d 922, 931 (7th Cir. 1996).

## CONTRACT LAW

Five elements must be proven by CENTER CAPITAL in order to prevail on a cause of action for breach of contract against Steven Timchula and Charles Thomas. CENTER CAPITAL must prove: (1) that enforceable contracts exist between it and each of Timchula and Thomas; (2) that Timchula and Thomas failed to comply with the terms of the contracts; (3) that CENTER CAPITAL performed all of its obligations under the contracts; (4) that subsequent to the breach, CENTER CAPITAL demanded performance from Timchula and from Thomas; and (5) that CENTER CAPITAL suffered damages as a result of the breach of the contracts. *See Ouellette v. Embry & Neusner*, 32 Conn. L. Rptr. 418 (2002); *Maloney v. Connecticut Orthopedics, P.C.*, 47 F.Supp.2d 244, 249 (D. Conn. 1999); *Underkofler v. Community Health Care Plan, Inc.*, 1999 WL 464530, p. 3 (D. Conn. 1999).[1]

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants, without any factual allegations, make the following affirmative defenses

---

[1] Each of the Defendants' guaranties was made in the State of Connecticut and is governed by Connecticut law: "This Guaranty is delivered in the State of Connecticut and shall be governed, construed and interpreted, as to validity, enforcement, and in other respects, by the laws of the State of Connecticut . . . ." Complaint, Exhs. C, I, O, and U at p. 2, 3.

against the Complaint of CENTER CAPITAL:

    a.    Waiver,

    b.    Estoppel,

    c.    Failure of CENTER CAPITAL to conduct a commercially reasonable sale of the collateral,

    d.    Failure of plaintiff to timely dispose of the collateral,

    e.    Failure of plaintiff to mitigate its losses and damages,

    f.    Laches

These affirmative defenses are utterly and completely without any merit, and Defendants have asserted no facts through discovery to support them.

## FACTS AND ARGUMENT

Per the Affidavit of Craig Enright, there is no issue regarding the existence of Master Loan and Security Agreement No. 18099 dated March 17, 1997 entered into between CENTER CAPITAL and Environmental Recycling and Waste Reduction, L.L.C. Likewise, there is no issue regarding the existence of Loan Schedule Nos. 4, 5, 6 and 7 to the aforesaid Master Loan and Security Agreement No. 18099 dated March 17, 1997. In addition, there is no issue regarding the existence of personal guaranties by each of Steven Timchula and Charles Thomas covering the aforesaid Master Loan and Security Agreement No. 18099 and the aforesaid Loan Schedule Nos. 4, 5, 6 and 7.

The Affidavit of Craig Enright also establishes that each of personal guarantors Steven Timchula and Charles Thomas failed to comply with the terms of their personal guaranties.

The Affidavit of Craig Enright establishes that CENTER CAPITAL performed all its obligations under the contracts.

The Affidavit of Craig Enright establishes that CENTER CAPITAL demanded performance from Steven Timchula and Charles Thomas.

The Affidavit of Craig Enright establishes damages suffered by CENTER CAPITAL as a result of the failure of Steven Timchula and Charles Thomas to abide by their personal guaranties.

As to the Defendants' affirmative defenses, no facts exist from which a reasonable fact finder could return a verdict in favor of defendants on any of the affirmative defenses. Further, per the Affidavit of Craig Enright, CENTER CAPITAL complied with Section 9-611(b) of the Uniform Commercial Code which requires that a secured party who wishes to dispose of collateral under Section 9-610 of the Uniform Commercial Code send a "reasonably authenticated notification of disposition" to specified interested persons. Nothing in the record suggests anything to the contrary. Likewise, CENTER CAPITAL complied with the ten day notification requirement set forth in 9-612.

## **CONCLUSION**

Nothing in the record creates genuine issues of material fact warranting denial of the Motion for Summary Judgment. Thus, CENTER CAPITAL is entitled to judgment as a matter of law for breach of contract by Steven Timchula and by Charles Thomas.

WHEREFORE, CENTER CAPITAL respectfully requests that this Court enter judgment in its favor and against Steven Timchula and Charles Thomas, jointly and severally, as follows:

    a.    Awarding CENTER CAPITAL damages on Schedule No. 4 in the amount of $296,602.24, on Schedule No. 5 in the amount of $2,060.94, on Schedule No. 6 in the amount of $3,957.68 and on Schedule No. 7 in the amount of $41,899.80;

    b.    Awarding pre-judgment interest from June 4, 2002 until the date of judgment, at

the maximum amount allowed by law;

    c.    Awarding attorney fees and expenses in the amount of $13,444.31;

    d.    Awarding post-judgment interest at the maximum amount allowed by law;

    e.    Awarding CENTER CAPITAL reasonable attorney fees and costs it incurs in the future in enforcing the Judgment Order;

    f.    Making this a final and appealable Judgment Order.

RESPECTFULLY SUBMITTED,

CENTER CAPITAL CORPORATION:
OF COUNSEL:

By: *[signature]*
Kenneth D. Peters, Esq.
ASKOUNIS & BORST, P.C.,
303 E. Wacker Dr., Suite 1000
Chicago, Illinois 60601
Tel: (312) 861-7100
Fax: (312) 861-0022

By: *[signature]*
J. Preston Turner
POPE & HUGHES
The Susquehanna Building
Suite 110
29 W. Susquehanna Avenue
Towson, Maryland 21204
410/494-7777
410/494-1658

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July 2003, a copy of the foregoing pleading was sent via electronic filing and first class mail, postage prepaid, to:

>Stephen J. Kleeman, Esquire
>2 North Charles Street
>The B&O Building, Suite 320
>Baltimore, Maryland 21201
>
>*Attorney for Defendants*
>
>_____
>J. Preston Turner