UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: JFM-03-400 |
| | ) | |
| STEVEN TIMCHULA, CHARLES THOMAS, and the ESTATE OF JAMES BLAKE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF CRAIG ENRIGHT IN SUPPORT OF CENTER CAPITAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT

I, Craig Enright, being first fully sworn on oath depose and state as follows:

1. I am Assistant Vice President, collections and equipment recovery at Center Capital Corporation ("CENTER CAPITAL"), which is suing Steven Timchula ("TIMCHULA") and Charles Thomas ("THOMAS") in the above captioned matter. In my capacity as Assistant Vice President, collections and equipment recovery at CENTER CAPITAL I am in charge of supervising and handling all aspects of the contracts between CENTER CAPITAL and TIMCHULA and THOMAS.

2. I am competent to testify as to matters set forth in this affidavit based upon my personal knowledge of such matters and if called to testify in this action I would testify that all statements set forth in this affidavit are true and correct. I have either personal knowledge of all events recorded within the records of CENTER CAPITAL regarding TIMCHULA and THOMAS, or I am qualified and authorized to testify about the methods and processes used by CENTER CAPITAL to collect and record the information and data contained within CENTER CAPITAL's files regarding all events set forth in the Complaint which CENTER CAPITAL filed in this matter.

3. I have access to all of CENTER CAPITAL's files and records and have personal

knowledge of the contents therein.

4. Information recorded and documents collected in CENTER CAPITAL's files are recorded and collected as part of the regular practice of CENTER CAPITAL's business, are made in the regular course of its regular business activities, and are compiled by its employees at or near the time of transmission of that information by an employee who has personal knowledge of the transmitted facts.

5. In preparation of this affidavit I have reviewed all of CENTER CAPITAL's business records as they relate to all transactions concerning the contracts which are the subject matter of the verified complaint filed in this case.

6. Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, and Y of the Complaint are true, correct, and genuine copies of the originals of said documents.

7. I know CENTER CAPITAL's business custom and practice as it relates to a recording of payments to the accounts of its customers. CENTER CAPITAL records receipt of payments in a computer system. Each time CENTER CAPITAL receives a payment from a customer, the payment is always recorded in CENTER CAPITAL's computer records relating to the corresponding account, by a person whose job responsibility it is to record such payments at the time such payments are made. I have access to CENTER CAPITAL's payment records which are kept in the normal and ordinary course of CENTER CAPITAL's business. It is the regular act of CENTER CAPITAL to regularly record payments at or near the time made. I have reviewed all of the payment records relating to the contracts which are the subject matter of the Complaint. All payments received by CENTER CAPITAL on the contracts attached to the Complaint were applied as required.

8. CENTER CAPITAL and Environmental Recycling and Waste Reduction, L.L.C. ("ERWR") entered into a Master Loan and Security Agreement No. 18099, dated March 17, 1997. See Exhibit A to the Complaint.

9. CENTER CAPITAL and ERWR entered into Loan Schedule No. 4 dated September 28, 1999, to the Master Loan and Security Agreement No. 18099. See Exhibit B to the Complaint.

10. In order to induce CENTER CAPITAL to enter into Loan Schedule No. 4 to Master Loan and Security Agreement No. 18099, STEVEN TIMCHULA and CHARLES THOMAS each entered into a Personal Guaranty, all as more fully set forth in Exhibits C and D to the Complaint.

11. The equipment referenced in Loan Schedule No. 4 was accepted by ERWR on September 25, 1998. See Exhibit F to the Complaint.

12. On or about February 28, 2002, CENTER CAPITAL and ERWR entered into an "Amendment and Restatement of Loan/Lease Agreement". See Exhibit G to the Complaint.

13. ERWR has refused to make all payments due and owing to CENTER CAPITAL as required in the "Amendment and Restatement of Loan/Lease Agreement". Therefore, ERWR is in default. (See Section 6 of Master Loan and Security Agreement No. 18099.)

14. CENTER CAPITAL has performed all of its obligations under Master Loan and Security Agreement No. 18099 and Loan Schedule No. 4 thereto, and Center Capital has demanded payment.

15. ERWR filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland on October 18, 2002 as Case No. 02-66356.

16. CENTER CAPITAL and ERWR entered into Loan Schedule No. 5, dated October 18, 1999, to Master Loan and Security Agreement No. 18099. See Exhibit H to the Complaint.

17. In order to induce CENTER CAPITAL to enter into Loan Schedule No. 5 to the Master Loan and Security Agreement No. 18099, STEVEN TIMCHULA and CHARLES THOMAS each entered into a Personal Guaranty, all as more fully set forth therein at Exhibits I and J to the Complaint.

18. The equipment referenced in Loan Schedule No. 5 was accepted by ERWR on

October 28, 1999. See Exhibit L to the Complaint.

19. On or about February 28, 2002, ERWR and CENTER CAPITAL entered into an "Amendment and Restatement of Loan/Lease Agreement". See Exhibit M to the Complaint.

20. ERWR has refused to make payments due and owing in accordance with "Amendment and Restatement of Loan/Lease Agreement". Therefore, ERWR is in default. (See Section 6 of Master Loan and Security Agreement No. 18099.)

21. CENTER CAPITAL has performed all of its obligations under Loan Schedule No. 5 and Master Loan and Security Agreement No. 18099, and Center Capital has demanded payment.

22. The equipment referenced in Loan Schedule No. 5 has been repossessed and sold by CENTER CAPITAL.

23. CENTER CAPITAL and ERWR entered into Loan Schedule No. 6 dated October 22, 1999, to Master Loan and Security Agreement No. 18099. See Exhibit N to the Complaint.

24. In order to induce CENTER CAPITAL to enter into Loan Schedule No. 6, STEVEN TIMCHULA and CHARLES THOMAS each entered into a Personal Guaranty all as more fully set forth in Exhibits O and P to the Complaint.

25. The equipment referenced in Loan Schedule No. 6 was accepted by ERWR on October 28, 1999. See Exhibit R to the Complaint.

26. On or about February 28, 2002, ERWR entered into an "Amendment and Restatement of Loan/Lease Agreement", which restructured Loan Schedule No. 6. See Exhibit S to the Complaint.

27. ERWR has refused to make payments due and owing in accordance with "Amendment and Restatement of Loan/Lease Agreement." Therefore, ERWR is in default.

28. Center Capital has performed all of its obligations under Loan Schedule No. 6 and Master Loan and Security Agreement No. 18094, and Center Capital has demanded payment.

29. The equipment referenced in Loan Schedule No. 6 has been repossessed by CENTER CAPITAL.

30. CENTER CAPITAL and ERWR entered into Loan Schedule No. 7 dated April 28, 2000, to Master Loan and Security Agreement No. 18099. See Exhibit T to the Complaint.

31. In order to induce CENTER CAPITAL to enter into Loan Schedule No. 7, STEVEN TIMCHULA and CHARLES THOMAS each entered into a Personal Guaranty, all as more fully set forth therein. See Exhibits U and V to the Complaint.

32. The equipment referenced in Loan Schedule No. 7 was accepted by ERWR on May 3, 2000. See Exhibit X to the Complaint.

33. On or about February 28, 2002, ERWR and CENTER CAPITAL entered into a "Amendment and Restatement of Loan/Lease Agreement" to reschedule Loan Schedule No. 7. See Exhibit Y to the Complaint.

34. ERWR has refused to make payments due and owing in accordance with "Amendment and Restatement of Loan/Lease Agreement." Therefore, ERWR is in default.

35. The collateralized equipment referenced in Loan Schedule No. 7 has been repossessed by CENTER CAPITAL.

36. On Schedule No. 4 the date of acceleration is June 4, 2002. Three payments due as of June 4, 2002 (April 1, 2002 through June 1, 2002) equals $27,676.32. Acceleration of the twenty-two payments due subsequent to June 4, 2002 using a discount rate of 6% equals $191,742.08. Miscellaneous repossession expenses equal $1,500.00 for the equipment set forth on Schedule No. 4. Late charges up to the date of acceleration per the contracts equals $3,690.16. CENTER CAPITAL is in possession of the equipment set forth in Loan Schedule No. 4, and, in order to maximize its net sale proceeds, CENTER CAPITAL is proceeding to spend an amount likely to be in the vicinity of $80,000.00 to repair the equipment. To date, $71,993.68 in costs have been

incurred to repair the equipment set forth in Schedule 4. Thus the total due and owing on Schedule No. 4 is $296,602.24. In the event proceeds from the disposition of the equipment were to create a surplus on the Environmental Waste and Recycling account, then said surplus will be distributed by CENTER CAPITAL pursuant to the Uniform Commercial Code and other applicable law.

37. On Schedule No. 5 the date of acceleration is June 4, 2002. Two payments due on May 1, 2002 and June 2, 2002 equal $1,649.66. Thirty-four payments due subsequent to June 4, 2002 using a discount rate of 6% equals $25,731.02. Late charges equal $329.92. Equipment sale proceeds to CENTER CAPITAL equal $24,000.00. Thus, the amount due to CENTER CAPITAL on Schedule No. 5 is $2,060.94.

38. On Schedule No. 6, CENTER CAPITAL was suppose to receive payments from Debtor Environmental Waste and Recycling through Bankruptcy case number 02-66356 filed in the United States Bankruptcy Court District of Maryland; however, payments were not made as required. Assuming the date of acceleration is June 4, 2002, as of June 4, 2002 two payments were due and owing (May 1, 2002 and June 1, 2002) for a total amount of $1,126.08. Ten payments were due after the June 4, 2002 date of acceleration. Late charges amounted to $225.20. The total amount due without discounting the future installments due after the date of acceleration is $5,630.40. Without taking into account any interest the total amount due and owing on Schedule No. 6 is $6,981.68 minus $3,024.00 in payments received through April 25, 2003.

39. On Schedule 7 the date of acceleration is June 4, 2002. Five payments were due at the date of acceleration (February 1, 2002 through June 1, 2002) for a total amount $12,185.00. Subsequent to June 4, 2002 thirty-seven payments were due on Schedule 7, and using a discount rate of 6%, the amount due subsequent to June 4, 2002 is $82,133.00. Miscellaneous repossession expenses are $370.00. Late charges are $2,211.80. Equipment sale proceeds are $55,000.00. The total due and owing on Schedule 7 is $41,899.80.

40. Attorney fees and cost are due and owing as set forth in the Affidavit of Kenneth D. Peters in Support of Attorneys Fees and Costs.

41. I have reviewed the Complaint in its entirety and find it to be true and correct except as specifically modified by this Affidavit.

42. True, correct, and genuine copies of Notices of Private Sale, served as set forth therein, are attached.

43. If called as a witness I can competently testify thereto

FURTHER AFFIANT SAYETH NAUGHT.

_____
Craig Enright

SUBSCRIBED AND SWORN TO BEFORE ME
this 6th day of June, 2003.

_____
Notary Public    GLORIA A ARDUINI
                 NOTARY PUBLIC
         MY COMMISSION EXPIRES AUGUST 31, 2005

U:\NVizzini\Center Capital\Environmental Recycling\Pleadings\Affidavit of Craig Enright.5-19-03.1978.9301.wpd



# CENTER CAPITAL CORPORATION™
A Webster Financial Company

**NOTIFICATION OF DISPOSITION OF COLLATERAL**

**To:**
Financial Federal Credit Inc.
300 Frank W. Burr Blvd.
Teaneck, NJ 07666

**From:**
Craig Enright
Center Capital Corporation
4 Farm Springs Road
Farmington, CT 06032

**Name of Debtor(s):**
Environmental Recycling & Waste Reduction, L.L.C.
9503 Dawnvale Road
Baltimore, MD 21236

We will sell the Three (3) 2000 Mack RD688S STD Cab & Chassis, S/N's: 1M2P267C3YM050046, 1M2P267C3YM050029, 1M2P267CXYM050027, Equipped with McClain 60,000 # Roll-Off Hoist, S/N's: 600520, 600517, 600474; One (1) Morbark 1300 Tub Grinder, S/N: 571-170; One (1) PPC Horizontal Waste Recycler 5400 Grinder Equipped With 860 Hp Cat Diesel Radio Remote, Control Reversing Hydraulic Fan, Magnetic Head Pulley, Tool Box, Grate Hangers, Water Spray System, Tail Roll Guard; One (1) Morbark 2400 EZ Chipper, S/N: 03522; Six (6) Accurate 30cu yd Open Top Roll Off Containers, S/N: 46706, 46024, 46743, 46770, 46060, 47051, under Master Loan and Security Agreements No. 18989 dated the 17th of November, 1997 between Una, Ltd. d/b/a Paragon Manufacturing Co. and Center Capital Corporation, privately sometime after May 19, 2002.

You are entitled to an accounting of the unpaid indebtedness secured by the property that we intend to sell, for a fee in the amount of $150.00. You may request an accounting by calling us at (800)800-0601.

DATED: June 21, 2002                CENTER CAPITAL CORPORATION

                                    BY: _____
                                    Craig Enright
                                    AVP – Collections



# CENTER CAPITAL CORPORATION™
A Webster Financial Company

June 21, 2002

VIA CERTIFIED MAIL;
RETURN RECEIPT REQUESTED

Environmental Recycling & Waste Reduction, L.L.C.
9503 Dawnvale Road
Baltimore, MD 21236

James Blake
1804 Walnut Road
Mt. Washington, MD 21222

Charles Thomas
1550 Kerr Road
Whiteford, MD 21160

Steven Timchula
9503 Dawnvale Road
Baltimore, MD 21236

RE: NOTICE OF PRIVATE SALE OF PROPERTY UNDER MASTER LOAN AND SECURITY AGREEMENT DATED APRIL 28, 2000 BETWEEN ENVIRONMENTAL RECYCLING & WASTE REDUCTION, L.L.C. AND CENTER CAPITAL CORPORATION (THE "AGREEMENT") #18099.

Reference is made to the above captioned Master Loan and Security Agreement dated April 28, 2000 (the "Agreement"). Said Agreement was guaranteed by James Blake, Charles Thomas, and Steve Timchula pursuant to the guaranty(s) dated May 4, 2000, May 5, 2000 and May 3, 2000. The equipment and property described in the Agreement refer to Three (3) 2000 Mack RD688S STD Cab & Chassis, S/N's: 1M2P267C3YM050046, 1M2P267C3YM050029, 1M2P267CXYM050027, Equipped with McClain 60,000 # Roll-Off Hoist, S/N's: 600520, 600517, 600474; One (1) Morbark 1300 Tub Grinder, S/N: 571-170; One (1) PPC Horizontal Waste Recycler 5400 Grinder Equipped With 860 Hp Cat Diesel Radio Remote, Control Reversing Hydraulic Fan, Magnetic Head Pulley, Tool Box, Grate Hangers, Water Spray System, Tail Roll Guard; One (1) Morbark 2400 EZ Chipper, S/N: 03522; Six (6) Accurate 30cu yd Open Top Roll Off Containers, S/N: 46706, 46024, 46743, 46770, 46060, 47051, together with any and all attachments, accessions, additions, replacements, improvements, modifications and substitutions thereto and therefor and all proceeds thereof, more specifically described on the attached schedule A, collectively, (the "Collateral").

PLEASE TAKE NOTICE that Center Capital Corporation intends to sell or otherwise collect upon or dispose of the Collateral at one or more private sales or other private disposition of the Collateral pursuant to Section 9-504 of the Uniform Commercial Code on or after July 1, 2002.

PLEASE TAKE FURTHER NOTICE that Center Capital Corporation anticipates that a deficiency will result after applying the net proceeds of said sale as provided by section 9-504 of the UCC, and in the event of a deficiency, Center Capital Corporation reserves the right to pursue Environmental Recycling & Waste Reduction, L.L.C. to satisfy any such deficiency to the extent of the guaranty. Center Capital Corporation also reserves its deficiency rights against the Lessee.

Page 2
Environmental Recycling & Waste Reduction, L.L.C.
June 21, 2002

Please be advised that you have the right to redeem the Collateral prior to the aforesaid date by tendering to Center Capital Corporation payment in full of all of Lessee's obligations to Center Capital Corporation including all of Center Capital Corporation's reasonable expenses related to Lessee's default under the Agreement and the foreclosure of the Collateral.
If you desire to redeem the Collateral or have any questions, you may contact the undersigned.

        Very truly yours,

        CENTER CAPITAL CORPORATION, INC.

BY: _____
Craig Enright
AVP - Collections

# CENTER CAPITAL CORPORATION™
A Webster Financial Company

## NOTIFICATION OF DISPOSITION OF COLLATERAL

**To:**
Allfirst Bank
M. Willis Macgill
305 West Chesapeake Ave 4th Floor
Towson, MD 21204

**From:**
Craig Enright
Center Capital Corporation
4 Farm Springs Road
Farmington, CT 06032

**Name of Debtor(s):**
Environmental Recycling & Waste Reduction, L.L.C.
9503 Dawnvale Road
Baltimore, MD 21236

We will sell the Three (3) 2000 Mack RD688S STD Cab & Chassis, S/N's: 1M2P267C3YM050046, 1M2P267C3YM050029, 1M2P267CXYM050027, Equipped with McClain 60,000 # Roll-Off Hoist, S/N's: 600520, 600517, 600474; One (1) Morbark 1300 Tub Grinder, S/N: 571-170; One (1) PPC Horizontal Waste Recycler 5400 Grinder Equipped With 860 Hp Cat Diesel Radio Remote, Control Reversing Hydraulic Fan, Magnetic Head Pulley, Tool Box, Grate Hangers, Water Spray System, Tail Roll Guard; One (1) Morbark 2400 EZ Chipper, S/N: 03522; Six (6) Accurate 30cu yd Open Top Roll Off Containers, S/N: 46706, 46024, 46743, 46770, 46060, 47051, under Master Loan and Security Agreements No. 18989 dated the 17th of November, 1997 between Una, Ltd. d/b/a Paragon Manufacturing Co. and Center Capital Corporation, privately sometime after May 19, 2002.

You are entitled to an accounting of the unpaid indebtedness secured by the property that we intend to sell, for a fee in the amount of $150.00. You may request an accounting by calling us at (800)800-0601.

DATED: June 21, 2002        CENTER CAPITAL CORPORATION

BY: _____
Craig Enright
AVP – Collections

# CENTER CAPITAL CORPORATION™
A Webster Financial Company

**NOTIFICATION OF DISPOSITION OF COLLATERAL**

**To:**
ORIX Credit Alliance, Inc.
7250 Parkway Drive
Suite 210
Hanover, MD 21076

**From:**
Craig Enright
Center Capital Corporation
4 Farm Springs Road
Farmington, CT 06032

**Name of Debtor(s):**
Environmental Recycling & Waste Reduction, L.L.C.
9503 Dawnvale Road
Baltimore, MD 21236

We will sell the Three (3) 2000 Mack RD688S STD Cab & Chassis, S/N's: 1M2P267C3YM050046, 1M2P267C3YM050029, 1M2P267CXYM050027, Equipped with McClain 60,000 # Roll-Off Hoist, S/N's: 600520, 600517, 600474; One (1) Morbark 1300 Tub Grinder, S/N: 571-170; One (1) PPC Horizontal Waste Recycler 5400 Grinder Equipped With 860 Hp Cat Diesel Radio Remote, Control Reversing Hydraulic Fan, Magnetic Head Pulley, Tool Box, Grate Hangers, Water Spray System, Tail Roll Guard; One (1) Morbark 2400 EZ Chipper, S/N: 03522; Six (6) Accurate 30cu yd Open Top Roll Off Containers, S/N: 46706, 46024, 46743, 46770, 46060, 47051, under Master Loan and Security Agreements No. 18989 dated the 17th of November, 1997 between Una, Ltd. d/b/a Paragon Manufacturing Co. and Center Capital Corporation, privately sometime after May 19, 2002.

You are entitled to an accounting of the unpaid indebtedness secured by the property that we intend to sell, for a fee in the amount of $150.00. You may request an accounting by calling us at (800)800-0601.

DATED: June 21, 2002        CENTER CAPITAL CORPORATION

                            BY: _____
                                Craig Enright
                                AVP – Collections